WALTER J. RODBY   #5594
733 Bishop Street, Suite 2050A
Honolulu, Hawai`i  96813
Telephone: (808) 232-6313
E-mail:  AttorneyRodby@msn.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT

COURT FOR THE DISTRICT OF HAWAI`I

| UNITED STATES OF AMERICA, | CR. NO. 22-00060 LEK |
|---|---|
| Plaintiff, | DEFENDANT WALTER GLENN PRIMROSE AKA BOBBY FORT'S MOTION TO REOPEN DETENTION HEARING; DECLARATION OF WALTER J. RODBY; CERTIFICATE OF COMPLIANCE; CERTIFICATE OF SERVICE & EXHIBIT "A"; |
| v. | |
| WALTER GLENN PRIMROSE AKA BOBBY FORT, | |
| Defendant. | |

**DEFENDANT WALTER GLENN PRIMROSE AKA
BOBBY FORT'S MOTION TO REOPEN
<u>DETENTION HEARING</u>**

Defendant WALTER GLENN PRIMROSE AKA BOBBY FORT

("PRIMROSE AKA BOBBY FORT" or "Defendant"), by and through his

undersigned counsel, moves this Honorable Court to reopen the issue of

1

detention in this case and to release Defendant under conditions of home confinement.  Defendant (and actually both Defendants) has no prior criminal histories.  Defendant has formidable medical conditions and has active grievances with the Federal Detention Center which preclude absence from medical treatment and monitoring.  Defendant (and actually both Defendants) is vested in the community by a twenty-three year homestead exemption virtue.

    The Defendants, therefore, poses no flight risk and have never been a danger to the community.  Even though it may be postulated that no condition or conditions will assure the appearance of a person to the court and assure the safety of any other person in the community, a precedent in the District of Hawaii has found the "burden" placed on the Defendant to rebut the presumption is small and need only produce "some credible evidence" to overcome.

    Defendant (and actually both Defendants) does not pose a serious flight risk for the very reasons stated by the plaintiff in the previous detention hearings:

1. Not mentioned earlier, both Defendants possess a multitude of medical conditions: Defendant has advancing cancer and heart-related ailments and his wife has reduced lung capacity due to previous respiratory maladies making travel for them formidable.  Federal Detention Center Hawaii has been unable and/or unwilling to address both of their medical conditions.  For example, Defendant had a heart cessation on

January 24, 2023 and the FDC staff did not perform CPR or render assistance in any manner on the scene. Fortunately, he did revive. Throughout Defendant's entire period of incarceration he has been vocal to counsel and the Bureau of Prisons regarding subpar medical care and treatment. An administrative grievance has been submitted to and is in progress against the FDC.

2. Defendant successfully held a secret clearance with the United States Coast Guard from 1995 until 2016 and thereafter as a defense contractor. His record was commendable;

3. While Defendant held a secret clearance with the United States Coast Guard he reported all foreign travel to the Coast Guard, Department of Transportation until 2003 and the Department of Homeland Security thereafter following the same process all Coast Guard military personnel follow;

4. Defendant successfully participated in several high profile law enforcement joint operations in Canada, International Ice Patrol, which were recorded and logged by the United States Coast Guard through their proper and normal channels;

5. As an avionics technician, Defendant is highly skilled in electronics as one hundreds of thousands of working American citizens technicians

who do not surreptitiously communicate with adversaries or terrorist organizations;

6. Allegations of letters containing names other than "Bobby, Julie, Walter or Gwen" have been dropped by the plaintiff as "pet" or "pen" names;

7. Claims of close associates of Defendant Morrison who alleged Morrison lived in Romania are unsubstantiated leaving the question of how Morrison would have exited and re-entered the United States as a child without credentials;

8. The photographs of KGB uniforms have been discounted as Halloween costumes by the plaintiff;

9. As known by the plaintiff, Defendant possesses only 115 flight hours in light aircraft giving him no Federal Aviation Administration expertise to commandeer a jet aircraft to flee the islands of Hawaii;

10. Both Defendants have lived on Oahu for twenty three years and are "vested" in the community "by involvement with various charities substantiated by cancelled checks in the possession of the plaintiff as well as possessing a homestead exemption on their Kapolei properties where they intend to retire;

11. Defendants have no prior arrests or convictions. There is no evidence of any other blue-collar crimes revealed by the government including no discovery of clandestine equipment or computer software or documents at their residence, business, work locations, phones, cars and storage facilities;

12. All the Defendant's passports, passport cards and GLOBAL ENTRY cards have been collected by the plaintiffs agents making foreign travel impossible;

The presumption of detention is easily rebutted. In <u>United State v. Chen</u>, the Northern District of California District Court found that the "burden placed on the defendant to rebut the presumption is small" and he need only produce "some credible evidence" <u>Chen</u>, 820 F.Supp 1205, 1207 (N.D. Cal 1992). The statute creates a rebuttable presumption "that no condition or combination or conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. para 3142(e)(3). In the District of Hawaii in 2019, not a single defendant on pretrial release was rearrested for any offense nor failed to appear as ordered. U.S. District Courts, Pretrial Services Violations Summary Report for the 12-Month Period Ending December 31, 20219 AO Table H-15. As the Supreme Court held in United

5

States v. Salerno, "[i]n our society liberty is the norm, and detention prior to trial … is the carefully limited exception. " Salerno, 481 U.S. 739 (1987).

Congress enacted the statutory presumption of detention in the Bail Reform Act of 1984 to detain "a small but identifiable group of particularly dangerous defendants" intended to operate primarily on "major drug traffickers." S. Rep. No. 98-225.

The Department of Justice has started softening its stance on detention. Its recently-issued directive is aimed at mitigating high retention rates in presumption cases and instructs that "[p]rosecutors should not seek detention merely because the Bail Reform Act permits such an argument to be made or presume that detention based on the charges is appropriate (as t does for many drug charges)." U.S. Department of Justice Manual, para 9-6.100 (2023)

Defendant's medical condition alone is sufficient to rebut the presumption in this case. The seriousness of their ailments provides more than adequate assurances that they will be focused on their health including accessing adequate medical treatment. Furthermore, as unconvicted Defendants in order to access their established government healthcare, the government must relinquish their Department of Defense and Department of Veteran Affairs identification cards. The plaintiff has never disputed the fact that Defendant was honorably

discharged and is a veteran of the Armed Forces of the United States, deserving benefits granted to millions of veterans who have served this country.

Both Defendants should be released from detention as there are conditions that will reasonably assure the safety of the community and ensure their appearances in court.  Defendants will abide by any curfew, home confinement and/or GPS monitoring.  Given their medical conditions, there are conditions which can be imposed to ensure the Defendants do not flee and mitigate any danger.

Accordingly, the defense asks that court to grant this motion

DATED: Honolulu, Hawai`i, April 7, 2023.

                                  */s/ Walter J. Rodby*
                                  Attorney for Defendant
                                  WALTER GLENN
                                  PRIMROSE AKA BOBBY
                                  FORT

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WALTER GLENN PRIMROSE AKA BOBBY FORT, <br><br> Defendant. | CR. NO. 22-00060 LEK <br><br> DECLARATION OF WALTER J. RODBY |

## **DECLARATION OF WALTER J. RODBY**

I, Walter J. Rodby, am the attorney representing Defendant WALTER GLENN PRIMROSE aka Bobby Fort in the above-entitled matter and I state the following based upon information and belief, under penalty of law;

1. As Defendant's advocate, he has assured me that the averments in this motion are true and correct to the best of his knowledge:

DATED: Honolulu, Hawai`i, April 7, 2023.

                                                 */ s / Walter J. Rodby*
                                                 WALTER J. RODBY
                                                 Attorney for Defendant

IN THE UNITED STATES DISTRICT

COURT FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WALTER GLENN PRIMROSE AKA BOBBY FORT,<br><br>Defendant.<br><br>_____ | CR. NO. 22-00060 LEK<br><br>CERTIFICATE OF COMPLIANCE |

### **CERTIFICATE OF COMPLIANCE**

Pursuant to District of Hawai'i Local Rule 7.4, undersigned counsel hereby certifies that the forgoing document complies with the applicable word limit of 6,250.  In reliance on the word processing system utilized to produce the foregoing document, the word count is 1,521 using the Times New Roman size 14 font.

DATED: Honolulu, Hawai'i, April 7, 2023.

                                          /s/ *Walter J. Rodby*
                                        Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WALTER GLENN PRIMROSE AKA BOBBY FORT, <br><br> Defendant. | CR. NO. 22-00060 LEK <br><br> CERTIFICATE OF SERVICE |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been electronically mailed and served upon the following parties, as set forth below:

Served Electronically through CM/ECF:

| | |
|---|---|
| Thomas Muehlek | Tom.Muehlek@usdoj.gov |
| Megan Kau | Mk@megkaulaw.com |

DATED: Honolulu, Hawai'i, April 7, 2023.

      / s / Walter J. Rodby
      Attorney for Defendant

10





FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

**JUL 2 5 2022**

at 11 o'clock and 56 min. AM
CLERK, U.S. District Court

EXHIBIT "A"