MK LAW LLC
Megan K. Kau 8078
820 Mililani Street, Suite 701
Honolulu, Hawai`i 96813
Telephone:  (808) 864-8896
Email:     mk@megkaulaw.com

Attorney for Defendant
Gwynn Darle Morrison

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>WALTER GLENN PRIMROSE, aka "Bobby Edward Fort," and<br><br>GWYNN DARLE MORRISON, aka "Julie Lyn Montague,"<br><br>Defendants. | CR. NO. 22-00060 LEK<br><br>DEFENDANT MORRISON'S MOTION TO RECONSIDER THE COURT'S AUGUST 3, 2022 DETENTION ORDER [DOC. 32]; MEMORANDUM IN SUPPORT OF MOTION; CERTIFICATE OF SERVICE |

DEFENDANT MORRISON'S MOTION TO RECONSIDER THE COURT'S
AUGUST 3, 2022 DETENTION ORDER [DOC. 32]

Defendant Gwynn Darle Morrison moves this Honorable Court for an order granting her release. A release is warranted because Ms. Morrison was prepared to start trial on February 21, 2023 and vehemently objected to a continuance of the trial in this matter. Despite this, the Court granted the *United States' Motion to Continue Trial Due to Witness Inability to Travel or in the Alternative for Leave of*

*Court to Take Videotaped Deposition,* which was filed January 19, 2023 as Doc. 87, thus increasing the time of Ms. Morrison's incarceration to such an extent that any further pre-trial incarceration of the Defendant constitutes a violation of her right to due process.[1] Moreover, Ms. Morrison can be supervised under a condition or combination of conditions that will reasonably assure her appearance. Specifically, Ms. Morrison may be monitored by the U.S. Pretrial Services Office via a GPS device.

This motion is made pursuant to Rule 12 of the Federal Rules of Criminal Procedure and is based on LR57.7 of the Local Rules for the District Court, District of Hawai`i and 18 U.S.C. § 3142. The motion is supported by the attached memorandum, the record and file herein, and any evidence adduced at the hearing.

DATED:   Honolulu, Hawai`i, April 12, 2023.

                                                       */s/ Megan K. Kau*
                                                     Megan K. Kau
                                                     Attorney for Defendant
                                                     Gwynn Darle Morrison

---

[1] *United States v. Gelfuso*, 838 F.2d 358, 359 (9th Cir. 1988)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>WALTER GLENN PRIMROSE, aka "Bobby Edward Fort," and<br><br>GWYNN DARLE MORRISON, aka "Julie Lyn Montague,"<br><br>        Defendants. | CR. NO. 22-00060 LEK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

**I. PRELIMINARY STATEMENT**

Under The Bail Reform Act of 1984 18 U.S.C. §§ 3141(a) and 3142, the Court has the authority to either place a defendant in pretrial confinement or release that defendant under a condition or combination of conditions that would reasonably assure his or her appearance at trial. In this matter, the Court initially placed Gwynn Darle Morrison ("Morrison" or "Defendant") and Walter Glenn Primrose ("Primrose") (collectively, "Defendants") in pretrial confinement.

Defendant Morrison has now spent over eight months in pre-trial incarceration at the Federal Detention Center, Honolulu ("FDC") and, as a direct result of the government's inability to proceed with trial on February 21, 2023, Morrison is now

facing additional pre-trial confinement. Accordingly, and for the reasons outlined below, the Court should reconsider Ms. Morrison's confinement and issue an order releasing Morrison under a condition or combination of conditions that will reasonably assure her appearance at trial.

## II. RELEVANT FACTS

On August 3, 2022 the Court ordered Morrison's detention pending trial. On August 11, 2022 Primrose filed a *Motion for Revocation of Detention Order and Appeal of Detention Order* [DOC. 36]. On August 8, 2022, Morrison joined Primrose's motion and, on August 18, 2022, filed a supplement to her joinder. On August 22, 2022 the detention order was sustained. As such, Morrison has been detained since her arrest on July 22, 2022.

Then on January 19, 2023, the government filed *United States' Motion to Continue Trial Due to Witness Inability to Travel or in the Alternative for Leave of Court to Take Videotaped Deposition* as Doc. 87 ("Motion to Continue"). Defendants objected and informed the Court that they were ready to proceed with trial. Over Defendants' objections, the Court granted the government's Motion to Continue and moved jury selection and trial from February 21, 2023 to April 17, 2023. Unfortunately, counsel was not available during that week and moved to continue the trial. The trial is now set for the week of May 22, 2023.

### III.  APPLICABLE LAW

CrimLR57.7 allows a court to reconsider a detention order:

> CrimLR57.7. Motions for Reconsideration or Appeal from Detention or Release Orders. A party challenging a detention or release order may file a motion for reconsideration before the magistrate judge or an appeal to the district judge.
>
> (a) Where the challenge to the order is based on new information that was not available to the parties or the magistrate judge at the detention hearing, the challenge should be raised in a motion for reconsideration, except as outlined in Subsection (f). The magistrate judge has the discretion to afford the opposing party an opportunity to respond to such motions. Any party not opposing a motion for reconsideration shall file a statement of no opposition.
>
> \* \* \*
>
> (f) Once the district judge has addressed detention or release, including the appeal of a detention or release order, any further motions requesting release or detention shall be presented to the district judge.

A detention hearing can be reopened when new information "has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."[2] The movant must establish that:"(1) that information now exists that was not known to the movant at the initial detention hearing, and (2) the

---

[2] *United States v. Terrone*, 454 F.Supp.3d 1009, 1016 (D. Nev. 2020)

3

new information is material to release conditions regarding flight or dangerousness."³

Morrison asks this Court to hear his release arguments because the trial has been delayed.

## IV. MS. MORRISON SHOULD BE RELEASED PURSUANT TO THE 18 U.S.C. 3142(G) FACTORS.

A reopened detention hearing requires a court to consider the 18 U.S.C. § 3142(g) factors in determining release.⁴

First, the nature and circumstances of the offense weighs in favor of release. Morrison is charged with conspiracy, aggravated identity theft, and false statements in the application and use of a passport. There is no accusation of violence. And other than the alleged offenses, there is no allegation that Morrison engaged in illegal conduct. For example, the government has no evidence—and is not accusing Morrison—of using a false name while involved in an act of terrorism; violating a minor; or selling drugs, firearms, or explosives.

Secondly, Morrison has a crime-free history and good character. Other than the current charges, she has never been arrested and has lived a law-abiding life. She has been employed for most of her life and owns two homes that have been paid

---

³ *Terrone*, 454 F.Supp.3d at 1017.
⁴ *United States v. Adams*, No. 6:19-MJ-00087-MK, 2019 WL 3037042, at *2 (D. Or. July 10, 2019).

4

for with legitimate money. There is no accusation that her property was acquired through illegal means.

Lastly, there is no danger to any person or the community if Morrison were to be released. Neither pretrial services nor the US Attorney's office has ordered her to stay away from a named witness or victim. There is no basis or reason to believe that Morrison poses a danger to any particular person or the community.

Accordingly, Morrison should be released but put on GPS monitoring so that the U.S. Pretrial Services Office can monitor her whereabouts.

## V. Ms. Morrison should be released because the length of time she has been incarceration is punitive in nature.

When determining if confinement is the most appropriate form of pretrial supervision, a court must consider how long a defendant has been held in pretrial detention:

> Several Circuits have recognized that the length of pretrial detention raises a constitutional issue at some point. The Supreme Court, however, has declined to identify at what point pretrial detention might be excessively prolonged and therefore punitive rather than regulatory.
>
> Like the Second Circuit, we find that the due process limit on the length of pretrial detention requires an assessment on a case-by-case basis. We consider the length of confinement in conjunction with the extent to which the prosecution bears responsibility for the delay that has ensued.[5]

---

[5] *United States v. Gelfuso*, 838 F.2d 358, 359 (9th Cir. 1988) (internal citations omitted)

Ms. Morrison has no criminal history, and she has never been arrested—let alone incarcerated.[6] However, Ms. Morrison has now been incarcerated in the FDC for over 250 days. With a February 21, 2023 trial date, Ms. Morrison's time in FDC at the start of trial would have been approximately 214 days. However, due to the government's delay, Ms. Morrison is now facing at least 304 days[7] in FDC before the start of trial. While some might argue that an additional delay of approximately two months is minimal, the daily impact of federal detention on someone with Ms. Morrison's lack of prior record cannot be trivialized.

Ms. Morrison maintains her innocence. However, even if convicted of the allegations outlined in the *Superseding Indictment* [Doc. 77], the Defendant's lack of criminal history[8], combined with a low to moderate base offense level for Counts 1, 2, and 5[9], point to a recommended guideline range that includes a possible sentence of less than a year[10]. Although a possible conviction under 18 USC § 1028A carries an additional statutory sentence of two years, with the current trial timeline it is feasible that the Defendant could spend a third of her

---

[6] August 1, 2022 *Pretrial Services Report* at page 4.
[7] The time between July 22, 2022 and May 22, 2023 is 269 days. However, as the trial is currently expected to take 5 business days, and May 29, 2023 is a federal holiday, Morrison's time in FDC will likely extend beyond this estimate.
[8] August 1, 2022 *Pretrial Services Report* at page 4 and United States Sentencing Guidelines § 4A1.1.
[9] *See* United States Sentencing Guidelines §§ 2X1.1, 2L2.2, 2B1.6, and 3D1.2.
[10] *See* United States Sentencing Guidelines § 5A.

6

potential total sentence in pretrial incarceration. The Court must consider this concerning ratio when evaluating the punitive nature of the Defendant's current incarceration[11] and release Ms. Morrison to await trial under the supervision of the U.S. Pretrial Services Office.

Morrison should be released considering this length of incarceration with the extent to which the prosecution bears responsibility for the delay that has ensued. As outlined previously, Defendants were both prepared and ready for trial on February 21, 2023, and adamantly objected to the Motion to Continue. Any subsequent postponement due to scheduling conflicts were a direct result of the government being unable to proceed with a February 21, 2023 trial as scheduled. The Ninth Circuit is clear that, once the government has moved for pretrial confinement, it has an obligation to expedite—not delay—pretrial proceedings:

> We also note that there is substantial authority for the view that the government's obligation to expedite pretrial proceedings grows when the government has moved for detention pending trial.[12]

---

[11] *United States v. Ailemen*, 165 F.R.D. 571, 581 (N.D. Cal. 1996): ("…some courts, in some circumstances, have compared the length of the likely sentence faced by the defendant to the length of the pretrial detention (in general, the closer the length of pretrial detention gets to the probable sentence, the more likely the courts are to find a due process violation.").
[12] *United States v. Ailemen*, 165 F.R.D. 571, 592 (N.D. Cal. 1996).

Given the punitive nature of the number of days Ms. Morrison has spent in jail, she should be released upon the condition that she be subject to GPS monitoring.

## VI. CONCLUSION

Ms. Morrison is presently punitively incarcerated at FDC. However, with the right set of conditions (including GPS monitoring), Ms. Morrison can be released to await trial under the supervision of the U.S. Pretrial Services Office without risk to the community. As such, Ms. Morrison respectfully asks this Court to release her pending her trial.

DATED:   Honolulu, Hawai`i, April 12, 2023.

                                             */s/ Megan K. Kau*
                                             Megan K. Kau
                                             Attorney for Defendant
                                             Gwynn Darle Morrison

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>WALTER GLENN PRIMROSE, aka "Bobby Edward Fort," and<br><br>GWYNN DARLE MORRISON, aka "Julie Lyn Montague,"<br><br>        Defendants. | CR. NO. 22-00060 LEK<br><br>CERTIFICATE OF SERVICE |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, upon filing, a true and correct copy of the foregoing will be personally served on the following at their last known addresses:

Thomas Muehleck                                           via CM/ECF
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawai`i 96850
      Attorney for Plaintiff
      United States of America

Walter Rodby                                                       via CM/ECF
Pacific Guardian Ctr., Makai Twr.
733 Bishop St., Ste. 2050A
Honolulu, Hawai`i 96813
      Attorney for Defendant
      Walter Glenn Primrose

DATED: Honolulu, Hawai`i, April 12, 2023

                            /s/  *Megan K. Kau*
                            Megan K. Kau
                            Attorney for Defendant
                            Gwynn Darle Morrison