CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

THOMAS MUEHLECK #3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Tom.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 22-00060 LEK-02 |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT MORRISON'S MOTION TO RECONSIDER THE COURT'S AUGUST 3, 2022 DETENTION ORDER [DOC. 32]; CERTIFICATE OF SERVICE |
| vs. | |
| GWYNN DARLE MORRISON, (02) aka, "Julie Lyn Montague" | |
| Defendant. | |

UNITED STATES' OPPOSITION TO DEFENDANT MORRISON'S MOTION
TO RECONSIDER THE COURT'S AUGUST 3, 2022 DETENTION ORDER
[DOC 32.]

COMES NOW that United States of America by and through the United

States Attorney for the District of Hawaii and hereby files its Opposition to

Defendant Gwynn Darle Morrison's Motion to Reconsider the Court's August 3, 2022, Detention Order.

## I. Defendant Fails To Present New Information That Warrants Reconsideration.

CrimLR 57.7 allows a court to reconsider a detention order where the challenge to the order is based on new information.

The Court should deny Defendant's Motion to Reconsider because it fails to submit new information that was not available to the parties or the Magistrate Judge at the detention hearing. The Defendant was arrested on July 22, 2022, and the United States filed a Motion to Detain Defendant on July 25, 2022 when she made her initial appearance in court. At the detention hearing on August 2, 2022, the Magistrate Judge found that there were no conditions or combination of conditions that would reasonably assure the appearance of the Defendant as required and ordered the Defendant detained. There is nothing new about the Defendant's detention that warrants reconsidering the detention order.

Here the Defendant claims that she is entitled to release because she "was prepared to start trial on February 21, 2023, and vehemently objected to a continuance of the trial in this matter." Defendant's Motion to Reconsider p. 1. The Defendant claims that the Government's Motion to Continue Trial Due to Witness Inability to Travel or in the Alternative for Leave of Court to Take

Videotaped Deposition (ECF No. 87) has caused the trial to be continued to April 17, 2023; yet the Defendant's Counsel further requested a continuance of trial, due to the Defense Counsel's unavailability during that week, after the Court's Order Granting the United States' Motion for Continue Trial Due to Witness Inability to Travel. *See* Defendant's Motion to Continue Trial ECF No. 97.

The Defendant argues that the Defendant is "facing additional pre-trial confinement." Defendant's Motion p. 1-2. The Defendant argues that "due to the government's delay, Ms. Morrison is now facing at least 304 days in FDC." Defendant's Motion p. 6. The Defendant's Counsel claims that because of the length of time the Defendant has been held, her incarceration is punitive in nature. The Defendant's Counsel argues that any further pretrial incarceration of the Defendant constitutes a violation of her right to due process. Defendant's Motion p. 5. Although the Defendant correctly claims that several circuits have recognized that the length of pretrial detention raises a constitutional issue at some point, s*ee United States v. Gelfuso,* 838 F.2d 858, 859 (9th Cir. 1988) (collecting cases), the Supreme Court has declined to identify at what point pretrial detention might be excessively prolonged and therefore punitive rather than regulatory. *United States v. Salerno*, 481 U.S. 739, 747 n.4 (1987). The Ninth Circuit had held that the due process limit of pretrial detention requires assessment on a case-by-case basis and considers the length of confinement in conjunction with the

3

extent to which the prosecution bears responsibility for the delay that has ensued. *United States v. Gelfuso*, 838 F.2d at 859.

## II. The Majority Of The Delay in this Trial Has Been At Defendant's Request.

In this case, much of the delay is occasioned with the explicit agreement of Defendant Morrison. On August 2, 2022, Defendant Morrison was arraigned by telephone and jury trial was set for September 26, 2022. The Court found that Defendant Morrison was a flight risk and granted the United States' motion to detain. ECF No. 30. The Court entered its written order on August 3, 2022. The Court found that it could not say with any confidence that the Defendant could be trusted to comply with any condition or combination of conditions of release that would ensure that Defendant's appearance as required. ECF No. 32.

At a trial status conference on August 23, 2022, Defendant Morrison met privately with her counsel, Megan K. Kau. Defendant Morrison then agreed to continue the September 26, 2022, trial to February 21, 2023, a delay of 148 days. ECF No. 49.

On January 19, 2023, the United States filed a Motion to Continue Trial Due to Witness Inability to Travel or in the Alternative for Leave of Court to Take Videotaped Deposition. ECF No. 87. The United States' Motion briefly explained that a critical government witness in Texas, Mr. McLean, had been

4

recently diagnosed with a medical condition, that he was receiving medical treatment for and was unable to travel to Hawaii to attend the February 21, 2023 trial. ECF No. 87.

At a January 20, 2023 status conference on the United States' Motion, both Defendant Morrison and Primrose objected to a trial continuance, refused to waive their right to confront the witness should he appear and testify by video at trial, and refused to waive their presence at a videotaped deposition of the witness in Texas. ECF No. 89.

The United States advised the Court by letter on January 24, 2023, that the United States Attorney's Office for the Western District of Texas would provide a conference room and assist in arranging for a court reporter for a deposition in Austin but that the United States Marshals Service in Hawaii advised that they could not transport both Defendants to Texas for a deposition and return them to Honolulu in time for the February 21, 2023 trial.

On January 23, 2023, the United States, with permission of the Court, filed under seal a Declaration of Counsel re Government's Witness Inability to Travel to the District of Hawaii and a copy of the witness's treating physicians' business cards. ECF No. 92. The Defendants filed a joint opposition to the United States' Motion to Continue Trial. ECF No. 93. On February 3, 2023, the Court entered a Minute Order Granting the Government's Motion to Continue Trial Due to

Witness Inability to Travel or in the Alternative for Leave of Court to Take Videotaped Deposition. The Court found that the witness, Mr. McLean, was a critical witness in the Government's case and was unable to appear at trial beginning on February 21, 2023, for medical reasons. ECF No. 93. On February 6, 2023, the Court entered an order continuing the trial to April 17, 2023 and excluding time for purposes of the Speedy Trial Act as the Court found that the ends of justice served by the continuance outweighed the best interests of the Defendants and the public in a speedy trial.

Defendant Morrison cannot honestly claim that the Government caused the delay in trial from February 21, 2023, to April 17, 2023. It was the inability of a critical witness to travel because of medical reasons that necessitated the continuance. Illness, not Government action, caused the delay. Additionally, Defendant Morrison declined to waive her right to be present at a videotaped deposition of witness McLean in Texas. The United Sates advised the Court that the deposition could take place, but both Defendants demanded to be present at the deposition. The United States Marshals Service could not transport both Defendants to Texas for a deposition and return them to Honolulu in time for the commencement of the February 21st trial.

Finally, it was Defendant Morrison's counsel who, on February 7, 2023, filed a motion requesting a delay in the April 17, 2023, trial as she was "off island

and unavailable that week." *See* Defendant's Motion to Continue Trial p. 1, ECF No. 97.

On February 21, 2023, at a status conference regarding the trial date, the Court granted Defendant Morrison's Motion to Continue Trial Date from April 17, 2023, to May 22, 2023, over the objection of Defendant Primrose.  ECF No. 106.  This additional trial delay of 35 days requested by the Defendant brings the total delay attributed to Defendant Morrison to 183 days.  Since the Defendant calculates the time between her arrest on July 22, 2022 and the May 22, 2023 scheduled trial date to be 269 days, she should not be heard to complain that the pretrial delay is caused by the Government and results in her "punitive" pretrial incarceration.  Defendant's Motion p. 6 n.7.  The Defendant's detention is based on substantial evidence indicating a risk of flight.

The most Defendant Morrison can show is a trial delay of 55 days from February 21, 2023, to April 17, 2023, that the Government is not responsible for.  The Court excluded that period from computation of the time within which trial must commence pursuant to 18 U.S.C. § 3161(h)(7)(A).  ECF No. 95.

The Supreme Court has stated that "the maximum length of pretrial detention is limited by the stringent time limitations of the Speedy Trial Act." *United States v. Salerno*, 481 U.S. 739, 747.  The Ninth Circuit in *Gelfuso* noted that the periods of delay occasioned by any of the circumstances mentioned in

7

section 3161(h) of the Speedy Trial Act are excluded in computing the Act's time limitations. 18 U.S.C. § 3164(b), *United States v. Gelfuso*, 838 F.2d at 360. Under *Gelfuso* the delay caused by the unavailability of the critical government witness in this case should not be considered in determining whether Defendant Morrison's pretrial detention has been excessively prolonged and violates due process.

### III. Defendant Morrison Has Lived Under A False Identity And Has Committed Crimes that Extend Over a Period of Thirty-Five Years.

Counsel for Defendant Morrison claims that "other than the alleged offenses there is no allegation that Morrison engaged in illegal conduct." Defendant's Motion p. 4. Counsel is incorrect. A careful reading of Count 5 establishes that Defendants Morrison and Primrose have been engaged in identity fraud and conspiracy to knowingly make false statements in applications for passports and using passports secured by false statements for over thirty-five years. The indictment lists 15 overt acts, among others, in furtherance of the conspiracy. Those overt acts are criminal acts in themselves; for example, on September 1, 1987, Defendant Morrison obtained a Texas identification card by fraudulently claiming she was "Julie Lyn Montague" and utilizing "Julie Lyn Montague's" date of birth. That act is identity fraud, a violation of Title 18, U.S. Code Section 1028.

Just over a month later, on October 26, 1987, Defendant Morrison fraudulently applied for a Social Security Number Card in the name of "Julie Lyn Montague" and utilizing "Julie Lyn Montague's" date of birth. In response to Defendant's application, the Social Security Administration (SSA) issued SSN xxx-xx-3279 to "Julie Lyn Montague." The false statements Defendant Morrison made to the SSA were a violation of Title 18, United States Code, Section 1001, because she was not "Julie Lyn Montague" and was not born in 1968 in Burnet, Texas.

On September 24, 1990, Defendant Morrison applied for a Texas driver's license in the name of "Julie Lyn Montague" utilizing Montague's birth date and the Texas identification card that she had fraudulently obtained in September 1987. This act also constitutes identity fraud, a violation of Title 18, U.S. Code Section 1028. Defendant Morrison's passport application of November 8, 1996 in the name of "Julie Lyn Montague" utilizing Montague's date of birth and the SSN she had obtained in the name "Julie Lyn Montague" on October 26, 1987, constitutes a false statement in application for a passport, a violation of 18 U.S.C. § 1542 <u>and</u> misuse of social security number, a violation of Title 42 U.S. Code Section 408(a)(7)(A). *United States v. Pryor*, 32 F.3d 1192 (7th Cir. 1994) (defendant acted willfully, knowingly, and with intent to deceive in illegally using an SSN obtained on the basis of false information).

9

On May 23, 1998, Defendant Morrison traveled to the Bahamas utilizing her fraudulently obtained passport in the name "Julie Lyn Montague," thus again, committing the crime of use of passport secured by false statement, a violation of 18 U.S.C § 1542.

Every time Defendant Morrison used her fraudulently obtained passport in the name "Julie Lyn Montague," she violated 18 U.S.C. § 1542, and every time she submitted a U.S. passport renewal application, she also violated 18 U.S.C. § 1542 as her renewal applications contained statements which she knew to be false.

Additionally, every time Defendant Morrison utilized the SSN that she received in the name "Julie Lyn Montague," she committed a violation of Title 42 U.S. Code Section 408(a)(7)(A) as that SSN for "Julie Lyn Montague" was secured by false information the Defendant furnished to the Commissioner of Social Security.[1]  While Defendant Morrison's alleged offenses do not involve accusations of violence, they demonstrate that Defendants Morrison and Primrose have, for over thirty-five years, engaged in a well-planned scheme to commit passport fraud, to commit aggravated identity theft, to make false statements to the Department of Defense, to make false statements in application for passports, and

---

1  Certified Social Security records previously provided to Defendant's counsel establish that Gwynn Darle Morrison applied for an SSN in her own name on December 5, 1968 and was issued SSN xxx-xx-6850. And when Defendant Morrison used her fraudulently obtained U.S. passport to verify employment eligibility on a Department of Homeland Security Form I-9 on May 15, 2018 (Count 5 overt act "o"), she also used her fraudulently obtained SSN.

10

to use passports that have been issues by reason of false statements. The Defendant claims that she "has a crime-free history and good character" and that "she owns two homes that have been paid for with legitimate money" (Defendant's Motion p. 4-5) pale in comparison to the identity fraud that she perpetrated over the last thirty-five years. The Defendant's claim that she owns two homes purchased with legitimate funds is also false. The Defendant's two properties in Kapolei that were purchased with her co-defendant husband have been financed through loans obtained under their false identities. Those loan applications signed by the Defendants constitute bank fraud. Furthermore, the monies used by the Defendants to pay down those loans were generated by Walter Glenn Primrose's fraudulent Coast Guard enlistment. The Coast Guard has already suspended payment of Walter Glenn Primrose's retirement pay.

## CONCLUSION

The Defendant has been living under a false identity obtained through the

//

//

//

//

//

//

use of false identification documents for thirty-five years.  The Defendant's actions do not warrant release to home detention on an unsecured bond.

DATED:   April 19, 2023, at Honolulu, Hawaii.

                          Respectfully submitted,

                          CLARE E. CONNORS
                          United States Attorney
                          District of Hawaii

                          By /s/ T. Muehleck
                          THOMAS MUEHLECK
                          Assistant U.S. Attorney

# CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served through CM/ECF:

Andrew M. Kennedy          E-mail: andrew@kona-lawyer.com

Attorney for Defendant
WALTER GLENN PRIMROSE
aka "Bobby Edward Fort"

Megan K. Kau, Esq.         E-mail: mk@megkaulaw.com

Attorney for Defendant
GWYNN DARLE MORRISON
aka "Julie Lyn Montague"

DATED:   April 19, 2023, at Honolulu, Hawaii.

/s/ Alaina Benson
U.S. Attorney's Office
District of Hawaii