CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

THOMAS MUEHLECK #3591
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541 2850
Facsimile:  (808) 541-2958
Email:       Tom.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 22-00060 LEK-01 |
|---|---|
| Plaintiff, | ) GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE OF DEFENDANT'S DNA REFUSAL; CERTIFICATE OF SERVICE |
| vs. | ) |
| WALTER GLENN PRIMROSE,  (01) aka "Bobby Edward Fort" | ) |
| Defendant. | ) |

**GOVERNMENT'S MOTION IN LIMINE TO ADMIT
EVIDENCE OF DEFENDANT'S DNA REFUSAL**

Comes now the United States of America, by and through the undersigned attorney, hereby submits the Government's Motion in Limine to Admit Evidence of Defendant's DNA Refusal.

## STATEMENT OF FACTS

Defendant Walter Glenn Primrose is charged with conspiring with codefendant Gwynn Darle Morrison to commit an offense against the United States, that is, to make materially false statements and representations in a matter within the jurisdiction of the Department of Defense in violation of Title 18, United States Code, Section 371 (Count 1); possessing and using without lawful authority a means of identification of another person during and in relation to a violation of Title 18, United States Code, Section 1001, in violation of Title 18, United States Code, Section 1028A (Count 2); using a passport which was issued by reason of a false statement to obtain a Hawaii Driver's license, in violation of Title 18, United States Code, Section 1542 (Count 3), and conspiring with codefendant Gwynn Darle Morrison to commit offenses against the United States, that is, to make false statements in applications for passports with intent to secure the issuance of passports and to knowingly use such passports, in violation of Title 18, United States Code, Section 371 (Count 5).

Defendant Primrose is charged in the indictment with using the means of identification of another person that is "Bobby Edward Fort" and on April 25,

2023, identified himself to the Court as "Bobby Edward Fort." The United States has identified Defendant Primrose's family members and has obtained DNA samples from two of them. The United States has attempted for the past two months to obtain a DNA sample from Defendant Primrose via a cheek swab of his mouth for buccal cells. The United States has arranged to have Defendant Primrose's DNA swab examined in a laboratory in order to compare his sample to the DNA profile obtained from his known family members.

On June 2, 2023, the Court issued search warrants, Mag. No. 23-00862 WRP and Mag. No. 23-00863 WRP, authorizing law enforcement officers to search Defendant Primrose and codefendant Morrison and to use buccal swabs to obtain their DNA. On June 9, 2023, codefendant Morrison gave a DNA sample without incident to law enforcement officers at the Honolulu Federal Detention Center.[1] Defendant Primrose refused to leave his cell at Honolulu FDC on June 9, 2023, and as a result, federal agents were unable to collect his DNA.

On June 16, 2023, the Court issued a second search warrant, Mag. No. 23-00973 WRP, authorizing law enforcement officers to search Defendant Primrose

---

[1] The FBI laboratory in Quantico, Virginia, analyzed the buccal swabs obtained from Wendy Morrison and Tara Buran who claim to be the biological sisters of Defendant Gwynn Darle Morrison, and the buccal swab collected from Defendant Gwynn Darle Morrison. FBI Forensics Examiner Sherri Fentress concluded that the DNA profile obtained from Defendant Gwynn Darle Morrison is approximately 2.6 billion times more likely if Defendant Morrison is the sister of Wendy Morrison and Tara Buran than if Defendant Morrison is someone unrelated to these individuals.

3

and to use buccal swabs to obtain biological samples of his DNA. Defendant Primrose was scheduled to appear before this Court on June 22, 2023, at a hearing on the United States' motion to conduct a deposition of a government witness in Texas. On the morning of June 22, 2023, the United States Marshals Service (USMS) notified federal agents that Defendant Primrose refused to exit his cell to be transported by USMS to the courthouse. As a result, agents were unable to obtain Defendant Primrose's DNA.

On August 9, 2023, the Court issued a third search warrant, Mag. No. 12-01210 RT, authorizing law enforcement officers again to search Defendant Primrose and to use buccal swabs to obtain Defendant's DNA. On August 10, 2023, Defendant Primrose left his cell at FDC Honolulu and was escorted by Honolulu FDC personnel to a private area in the FDC. Defendant Primrose became agitated when he saw federal agents in the FDC. The agents showed the Defendant the search warrant and explained that they wished to take a cheek swab to obtain DNA and that the warrant authorized the use of reasonable force in executing the warrant. The Defendant took a combative stance and refused to comply with the warrant to give a DNA sample. The agents declined to employ force in executing the warrant and left the Honolulu FDC without further attempt to obtain a buccal swab of Defendant's mouth.

4

The Government seeks to introduce evidence of Defendant's DNA refusal through the testimony of federal agents who attempted to execute the search warrant.

## ARGUMENT

Defendant's refusal to submit to DNA swabbing when presented with a federal search warrant by agents of the Diplomatic Security Service is admissible pursuant to Rule 404(b) as relevant evidence of consciousness of guilt.  *See, e.g.*, *United States v. Ashburn*, 76 F. Supp. 3d 401, 444 (E.D.N.Y. 2014) ("[E]vidence of the fact of Laurent's refusal to submit to swabbing is relevant.  This is because, as decisions by the Supreme Court and Second Circuit illustrate, the Government is permitted—in certain circumstances—to offer evidence of such refusal as proof of a defendant's consciousness of guilt in a criminal trial.").

"[A] defendant's refusal to submit to the collection of a bodily substance through a safe, painless, commonplace—and lawfully requested—test may be properly admitted as evidence of his consciousness of guilt without violating the Fifth Amendment." *Id.*

Numerous courts around the country have reached the same conclusion:

> *Wade v. Sheets,* No. 09–CV–632, 2012 WL 870221, at *17–21 (S.D. Ohio Mar. 14, 2012), *report and recommendation adopted,* No. 09–CV–632, 2012 WL 4087238 (S.D. Ohio Sept. 17, 2012); *United States v. Franklin,* No. 99–CR–238, 2000

5

> WL 217527, at *4 (E.D. Pa. Feb. 14, 2000) ("As Mr. Franklin had been under lawful arrest when the blood sample was requested, we can see no infirmity in having permitted the defendant's second refusal to be considered by the jury as circumstantial evidence of guilt."), *aff'd,* 248 F.3d 1131 (3d Cir. 2000). *Cf. United States v. Harris,* 660 F.3d 47, 52 (1st Cir. 2011) (observing that "[w]hether a refusal to provide [DNA] evidence would permit a rational inference of guilt depends (like flight) on the circumstances," but noting "evidence of such a refusal might well be impermissible under some circumstances" (citing *United States v. Moreno,* 233 F.3d 937, 940–41 (7th Cir. 2000) (holding that a defendant's refusal to consent to a *warrantless* search may not be presented as evidence of guilt))).

*Id. See generally United States v. Castillo*, 615 F.2d 878, 885 (9th Cir. 1980) ("An attempt by a criminal defendant to suppress evidence is probative of consciousness of guilt and admissible on that basis."); *United States v. Terry*, 702 F.2d 299, 314 (9th Cir. 1983) ("[A]ppellants' refusal to provide prints was admissible as evidence of consciousness of guilt.").

Here, evidence of the refusal is probative of consciousness of guilt. It is a reasonable inference that Defendant's refusal to provide the lawfully required DNA was motivated by Defendant's belief and understanding that providing such DNA would incriminate him of the charged offenses. Defendant was shown a copy of the search warrant during the attempted execution. Moreover, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

6

Based on the above, the United States respectfully requests that this motion *in limine* to admit evidence of Defendant's DNA refusal be granted.

DATED: August 17, 2023, at Honolulu, Hawaii.

Respectfully submitted,

CLARE E. CONNORS
United States Attorney
District of Hawaii

By /s/ *Thomas Muehleck*
   THOMAS MUEHLECK
   Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served electronically through CM/ECF:

    Gary G. Singh, Esq.    E-mail: gary@garysinghlaw.com
    Attorney for Defendant
    WALTER GLENN PRIMROSE  (01)
    aka "Bobby Edward Fort"

    DATED:  August 17, 2023, at Honolulu, Hawaii.

                                      /s/ *Alaina Benson*
                                      U.S. Attorney's Office
                                      District of Hawaii