CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

THOMAS MUEHLECK #3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Tom.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WALTER GLENN PRIMROSE, (01)<br>　aka, "Bobby Edward Fort"<br><br>GWYNN DARLE MORRISON, (02)<br>　aka, "Julie Lyn Montague"<br><br>　　　　　Defendants. | CR. NO. 22-00060 LEK<br><br>UNITED STATES' MOTION IN LIMINE NO. 4 TO ADMIT SIMILAR ACTS EVIDENCE PURSUANT TO RULE 404(b) FEDERAL RULES OF EVIDENCE AND TO ADMIT EVIDENCE PURSUANT TO <u>UNITED STATES V. DOE</u>, 842 F.3D 1117 (9TH CIR. 2016); CERTIFICATE OF SERVICE<br><br>TRIAL DATE: October 23, 2023<br>TIME: 9:00 a.m.<br>JUDGE: Hon. Leslie E. Kobayashi |

UNITED STATES' MOTION IN LIMINE NO. 4 TO ADMIT
SIMILAR ACTS EVIDENCE PURSUANT TO RULE 404(B)
FEDERAL RULES OF EVIDENCE AND TO ADMIT EVIDENCE
PURSUANT TO UNITED STATES V. DOE, 842 F.3D 1117 (9TH CIR. 2016)

COMES NOW the United States of America by and through the United States Attorney for the District of Hawaii and hereby files its Motion in Limine No. 4 to admit similar acts pursuant to Rule 404(b) Federal Rules of Evidence and to admit evidence pursuant to United States v. Doe, 842 F.3d 1117 (9th Cir. 2016).

BACKGROUND

Defendants are charged in Count 1 of the Superseding Indictment with conspiring with each other to commit an offense against the United States, that is to willfully and knowingly make false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of the Department of Defense in violation of Title 18, United States Code, Section 1001 and further that the object of the conspiracy was to fraudulently obtain a Military Dependent Identification Card for Defendant Morrison that falsely identified her as "Julie L. Montague". The overt acts in furtherance of the conspiracy charge that on August 28, 2018, Defendants Primrose and Morrison went to the Hawaii National Guard Office in Kapolei, Hawaii and signed an Application for Identification Card/DEERS Enrollment Form 1172-2, all in violation of Title 18, United States Code, Section 371.

To prove a conspiracy under 18 U.S.C § 371, the government must establish: (1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime.  United States v. Kaplan, 836 F.3d 1199, 1212 (9th Cir. 2016) (citation and internal quotation marks omitted).

To prove that a defendant made a false statement to a government agency under 18 U.S.C § 1001 as charged in Count 1 the government must prove:

First, the defendant made a false statement;

Second, the statement was made in a matter within the jurisdiction of the Department of Defense;

Third, the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his or her conduct was unlawful; and

Fourth, the statement was material to the decisions or activities of the Department of Defense; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.
Ninth Circuit Model Criminal Jury Instruction 24.10.

The United States seeks to offer the following similar acts under Rule 404(b):

(1) On October 11, 2016, Defendants Primrose and Morrison went to the same Hawaii Army National Guard Office in Kapolei, Hawaii that they went to on August 28, 2018 as charged in Count 1, and signed an Application for Identification Card/DEERS Enrollment Form 1172-2 in order to obtain a Military Dependent Identification Card for Defendant Morrison that falsely identified her as "Julie L. Montague". These are the same acts the Defendants are charged with committing on August 28, 2018 in Count 1. and

(2) On or about November 6, 2012, the Defendants Primrose and Morrison went to the United States Coast Guard Station on Sand Island, Honolulu, Hawaii and signed an Application for Identification Card/DEERS Enrollment Form 1172-2 in order to obtain a Military Dependent Identification Card for Defendant Morrison that falsely identified her as "Julie L. Montague". These are essentially the same acts the Defendants are charged with committing on August 28, 2018 in Count 1.

These similar acts prove that there was a plan to submit false statements to a government agency and that the Defendants' actions and statements on August 28, 2018 were deliberate and should also be admitted to prove motive, and the absence of accident or mistake.

The Defendants are charged in Count 2 with Aggravated Identity Theft in violation of Title 18 United States Code, Section 1028A . In particular, Count 2

charges the Defendants with possessing and using, without lawful authority, a means of identification of another person, during and in relation to a felony violation of 18 United States Code, Section 1001 that is in the making of materially false, fictious and fraudulent statements in a matter within the jurisdiction of the United States Department of Defense, knowing that the means of identification belong to another actual person.   The allegations of Count 2 largely repeat the acts of the Defendants at the Hawaii Army National Guard Office at Kapolei, Hawaii as charged in Count 1.

In order to prove Aggravated Identity Theft under 18 United States Code, Section 1028A the government must establish:

First, the defendant knowingly possessed and used without legal authority a means of identification of another person;

Second, the defendant knew that the means of identification belonged to a real person; and

Third, the defendant did so during and in relation to a felony violation of Title 18, United States Code, Section 1001.

The government need not establish that the means of identification of another person was stolen.
Ninth Circuit Model Criminal Jury Instruction 15.9.

The United States submits that the Defendants' actions on October 11, 2016

and on November 6, 2012 are nearly identical to the Defendants' acts on August 28, 2018 as charged in Count 2.   Additionally, these acts of the Defendants in October 2016 and November 2012 should be admitted to prove plan, intent, motive and that Defendants' acts on August 28, 2018 were not the result of accident or mistake.

In order to prove that the Defendant knew that the means of identification belonged to a real person both direct and circumstantial evidence can establish that second element of 18 U.S.C § 1028A.   *See Comment,* Ninth Circuit Model Criminal Jury Instruction 15.9 and United States v. Doe, 842 F.3d 1117 (9th Cir. 2016).   In Doe the Ninth Circuit held that a Defendant's repeated successful use of the victim's identity in applications subject to scrutiny established that Defendants had knowledge that victim was a real person. Id. at 1120-21.

The United States seeks to admit the repeated and successful testing of the identifying information of victim "Julie Lyn Montague" by Defendant Morrison's submission of that information to officials of the City and County of Honolulu in order to obtain a Hawaii Driver's License in the name "Julie Lyn Montague".

On four separate occasions:

(1)  January 4, 2017

(2)  February 2, 2009

(3) January 16, 2008, and

6

(4) January 1, 1999,

Defendant Morrison successfully submitted an application for a Hawaii Driver's License in the Name of "Julie Lyn Montague" using the identifying information of "Julie Lyn Montague".

DISCUSSION

Rule 404(b) forbids admission of evidence of a person's other crimes, wrongs or acts "to prove the character of a person in order to show that he acted in conformity therewith" but provides that such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Federal Rule of Evidence 404(b).

The "rule is one of inclusion" in that "other acts evidence is admissible whenever relevant to an issue other than the defendant's criminal propensity." United States v. Meling, 47 F.3d 1546, 1557 (9th Cir. 1995); United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982).  Prior bad acts evidence is thus admissible "except where it tends to prove only criminal disposition."  United States v. Rocha, 553 F.2d 615, 616 (9th Cir. 1977).  Accord: United States v. Ayers, 924 F.2d 1468, 1472 (9th Cir. 1991); Heath v. Cast, 813 F.2d 254, 259 (9th Cir.), cert. denied, 484 U.S. 849 (1987); United States v. Herrell, 588.2d 711, 714 (9th Cir. 1978), cert. denied, 440 U.S. 964 (1979); United States v. Sangrey, 586

F.2d 1312, 1314 (9th Cir. 1978), United States v. Riggins, 539 F.2d 682, 683 (9th Cir. 1976), cert. denied, 429 U.S. 1045 (1977).   Rule 404(b) thus bars the introduction of evidence concerning prior criminal conduct or other bad acts by the defendant only if offered for the purpose of proving the defendant's bad character and implying that he acted in accordance with that bad character in the instant case.

The United States will offer the testimony of verifying officials who issued the Military Dependent Identification Cards to Defendant Morrison on October 11, 2016 and November 6, 2012, based on the Defendants' false statements and representations as well as the certified records of the Department of Defense. These two incidents will show that the Defendants' knowingly and willfully conspired on August 28, 2018 to make materially false statements in a matter within the jurisdiction of the Department of Defense, as well as prove intent, motive, plan and lack of accident or mistake.

The Ninth Circuit has formulated a four-part test in gauging the admissibility of evidence under Rule 404(b).

> "In making admissibility decisions, the [district] court will admit Rule 404(b) evidence if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." United States v. Verduzco, 373 F.3d 1022, 1027 (9th Cir. 2004) (citing United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir. 1994)), cert. denied, 125 S. Ct. 508 (2004).

If the four tests are satisfied, the court must then balance the probative value of the evidence against any prejudicial effect. United States v. Rude, 88 F.3d 1538 (9th Cir. 1996), United States v. Corona, 34 F.3d 876, 881 (9th Cir. 1994), cert. denied, 115 S. Ct. 773 (1995). Here the United States' evidence passes all four tests and the prejudicial effect of the evidence does not substantially outweigh its probative value.   The United States' evidence in this case – Defendants' previous applications for a Military Dependents' Identification Card for Defendant Morrison that falsely identified has as "Julie L. Montague" – are material to the issues of intent, motive, plan and lack of accident or mistake.

The second requirement, that the previous conduct not be too remote in time, is also met.   Defendants' previous applications for a Military Dependent Identification card for Defendant Morrison occurred in October 2016 and November 2012 and their actions that are the basis for Counts 1 and 2 occurred on August 28, 2018.

The evidence also satisfies the third requirement.   There is no real issue about the sufficiency of evidence of the Defendants' prior acts as the United States will present certified copies of the Defendants' prior Applications for Identification Card/DEERS Enrollment Form 1172-2.

And here the fourth requirement is met because the acts are similar – or even identical – to the offenses charged.

If all four conditions are satisfied, the Court must also balance the probative value of the evidence against any prejudicial effect. United States v. Rude, 88 F.3d 1538 (9th Cir. 1996). Here, the United States' evidence passes all four parts of the test and the prejudicial effect of the evidence does not substantially outweigh its probative value.

Unfair prejudice means that the evidence "provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant apart from its judgment as to his guilt or innocence of the crime charged." United States v. Bailleaux, 685 F.2d 1105, 1111 (9th Cir. 1982). Evidence is not unfairly prejudicial simply because it tends to convince the jury of the defendant's guilt; it is only when the evidence moves the jury on a basis unrelated to the merits of the case that it is prejudicial. In determining the probative value of the evidence, the court must consider not only the logical inferences that the evidence will support, but also the actual "need for evidence of prior criminal conduct to prove a particular point." United States v. Bailleaux, supra, 685 F2.d at 1112. The court must then balance the probative value against the danger of unfair prejudice, but can exclude the evidence only when the latter substantially outweighs the former. United States v. Yazzie, 59 F.3d 807, 810 (9th Cir. 1995); United States v. Bailleaux, supra, 685 F.2d at 1111 – 1112.

For the reasons previously stated, evidence of the Defendants' prior applications for a military dependent identification card are highly probative to show proof of intent (and motive, plan and lack of accident or mistake).   Although there may be some possibility of slight danger of unfair prejudice from introduction of Defendants' prior acts, any prejudicial impact can be cured by a limiting instruction to the jury.   Where, as here, there is a high need for the prior act evidence, and its probative value outweighs any prejudicial impact, it should be admitted with a limiting instruction. United States v. Houser, 929 F.2d 1369, 1373 (9th Cir. 1990).

## CONCLUSION

Based on all of the above, the United States' Motion in Limine should be granted.

DATED:   October 2, 2023, at Honolulu, Hawaii.

Respectfully submitted,

CLARE E. CONNORS
United States Attorney
District of Hawaii


By /s/ Thomas Muehleck
      THOMAS MUEHLECK
      Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

<u>Served through CM/ECF:</u>

Gary G. Singh, Esq.

Attorney for Defendant
WALTER GLENN PRIMROSE
aka "Bobby Edward Fort"

Megan K. Kau, Esq.

Attorney for Defendant
GWYNN DARLE MORRISON
aka "Julie Lyn Montague"

DATED: October 2, 2023, at Honolulu, Hawaii.

*/s/ Tiani Kaneakua*
U.S. Attorney's Office
District of Hawaii