# MINUTE ORDER

CASE NUMBER:    CRIMINAL NO. 22-00060 LEK

CASE NAME:    USA vs. Walter Glenn Primrose et al.,

JUDGE:    Leslie E. Kobayashi            DATE:    10/13/2023

COURT ACTION:  **COURT ORDER:  ORDER RULING ON UNITED STATES' MODIFIED DESIGNATION OF DEPOSITION OF ANITA HARRIS, [FILED 9/21/23 (DKT. NO. 218)]**

On September 21, 2023, Plaintiff United States of America ("the Government") filed its designations of excerpts of the testimony of Anita Harris taken by deposition on August 28, 2023 in Dallas, Texas ("Harris Deposition").  See United States' Modified Designation of Deposition of Anita Harris, filed 9/21/23 (dkt. no. 218) ("Designations"). The Government had sought leave of court pursuant to Rule 15(a)(1), Federal Rules of Criminal Procedure to take the Harris Deposition.  See Government's Motion for Leave of Court to Take Videotaped Deposition, filed 6/13/23 (dkt. no. 180) ("Rule 15(a)(1) Motion").  In granting the Rule 15(a)(1) Motion, the Court also ordered that Defendants Walter Glenn Primrose aka Bobby Edward Fort ("Primrose") and Gwynn Darle Morrison aka Julie Lyn Montague ("Morrison" and collectively "Defendants") were to be transported to attend the deposition, however, both filed their written waivers and therefore forfeited their right to be present during her testimony.  See Minutes, filed 6/22/23 (dkt. no. 186) ("6/22 Minutes"), at PageID.603; Primrose's Notice of Waiver of Attendance of August 28, 2023 Videotaped Oral Deposition of Anita Harris in Dallas, Texas, filed 7/31/23 (dkt. no. 191); Morrison's Waiver of Deposition Appearance, filed 8/3/23 (dkt. no. 192).

The Government has made the following designations from the Harris Deposition:

| Page(s)/Line(s) |   | Page(s)/Line(s) |
|---|---|---|
| 4:1   | - | 11:17 |
| 12:18 | - | 13:20 |
| 15:11 | - | 23:6  |

[Designations at PageID.1220.]

Morrison objected to the designations and moved to exclude the Harris Deposition. See Morrison's Motion to Exclude Anita Harris' Deposition Testimony, filed 9/11/23

(dkt. no. 204) ("MIL Re Harris Deposition").  This Court denied the MIL Re Harris Deposition and ruled that the Harris Deposition "will be permitted at trial, subject to evidentiary objection (including but not limited to relevancy)."  [Minute Order - EO: Court Order Ruling on Motions in Limine, filed 10/11/23 (dkt. no. 249) ("10/11 Order"), at PageID.1461.]

The Court rules as follows on the Government's designated portions of the Harris Deposition:

| Page/Line | Ruling |
|---|---|
| 4:1 – 11:17 | Admitted over Morrison's objections |
| 12:18 - 13:20 | Admitted over Morrison's objections |
| 15:11 – 23:6 | Admitted over Morrison's objections |

The Government shall prepare the video of the Harris Deposition in accordance with the Court's rulings as well as an edited version of the transcript of the Harris Deposition for use at trial.  The Court previously granted the Government permission to preserve Anita Harris's testimony pursuant to Rule 15(a)(1), Fed. R. Crim. P. and determined that she is unavailable to testify at trial due to medical conditions.  See 10/11 Order at PageID.1459-61.  The designated portions of the Harris Deposition are permitted as testimony at trial because Anita Harris, as the declarant, is unavailable, and Defendants had a prior opportunity to cross-examine and attend the deposition proceeding.  See Crawford v. Washington, 541 U.S. 36, 59 (2004).  Moreover, the Court has examined the designated portions of the testimony and finds the testimony to be relevant.

**IT IS SO ORDERED.**

Submitted by: Agalelei Elkington, Courtroom Manager